**1**

Charley BYRD v. STATE. (No. 11528.) Court of Criminal Appeals of Texas. Feb. 8, 1928. Appeal from District Court, Wilbarger County; Robert Cole, Judge. Heyser & Hicks, of Wichita Falls, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for murder; punishment, five years in the penitentiary. The record before us contains neither statement of facts nor bills of exception. The indictment correctly charges the offense, and the charge of the court seems to properly present the law. The judgment and sentence are in correct form. No error appearing, the judgment will be affirmed.

**2**

Jack COPELAND v. STATE. (No. 11360.) Court of Criminal Appeals of Texas. Feb. 8, 1928. Appeal from District Court, Young County; E. G. Thornton, Judge. Binkley & Binkley, of Graham, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully selling intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years. Upon the written request of the appellant, duly verified by this affidavit, the appeal is dismissed.

**3**

Andrew CURBO v. STATE. (No. 11611.) Court of Criminal Appeals of Texas. Feb. 8, 1928. Appeal from District Court, Coleman County; J. O. Woodward, Judge. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for rape; punishment being 11 years in the penitentiary. Appellant has filed in this court his affidavit requesting that his appeal be dismissed. In compliance therewith, the appeal is ordered dismissed.

**4**

John GLASSEY v. STATE. (No. 11481.) Court of Criminal Appeals of Texas. Feb. 8, 1928. Appeal from District Court, Roberts County; W. R. Ewing, Judge. R. T. Correll, of Perryton, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for unlawfully manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The indictment is regular. The record is before us without bills of exceptions or statement of facts. No funda-

mental error has been perceived or pointed out. The judgment is affirmed.

**5**

Sim HENRY v. STATE. (No. 11479.) Court of Criminal Appeals of Texas. Feb. 8, 1928. Appeal from District Court, Freestone County; W. R. Boyd, Judge. See, also, 106 Tex. Cr. R. 198, 291 S. W. 542. H. L. Williford, of Fairfield, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for murder; punishment being five years in the penitentiary. Appellant has filed in this court his affidavit advising that he desires to withdraw his appeal. In compliance with his request, the appeal is ordered dismissed.

**6**

O. T. HUNT v. STATE. (No. 11640.) Court of Criminal Appeals of Texas. Feb. 1, 1928. Commissioners' Decision. Appeal from District Court, Grayson County; Silas Hare, Judge. C. B. Randell, of Sherman, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. Conviction is for making false entry in book of account of a state bank; the punishment is confinement in the penitentiary for a period of two years. Appellant has filed a written request, duly verified, asking that the appeal be dismissed. The request is granted, and the appeal ordered dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

**7**

Ex parte Charlie KNOX v. STATE. (No. 11619.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from District Court, Limestone County; W. R. Boyd, Judge. Ira Lawley, Kennedy & Engledow, J. E. Bradley, and L. W. Shepperd, all of Groesbeck, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant was indicted for robbery by the use of firearms. He sought through habeas corpus proceeding to be released on bail. From an order remanding him without bail this appeal is prosecuted. Appellant and two others robbed a bank at Tehuacana, in Limestone county, and obtained something over $1,600. Appellant and one other robber exhibited pistols and presented them at the bank officers, by means of which the robbery was effected. No shots were fired; no one was injured; the reason perhaps being that no resistance was offered. The principles controlling where the question of bail is involved have been so frequently discussed it is useless to again review them. See article 1, § 11, Constitution; Ex parte Smith, 23 Tex. App. 100, 5 S. W. 99; Ex parte Beacom, 12 Tex. App. 318; Ex parte Evers, 29 Tex. App. 539, 16 S. W. 343; Ex parte Russell, 71 Tex. Cr. R. 377, 160 S. W. 75; Ex parte Young, 87 Tex. Cr. R. 413, 222 S. W. 242. The case of Ex parte Scott, 90 Tex. Cr. R. 201, 234 S. W. 220, is direct author-